| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>ROBERTO CORRAL,<br><br>                              Plaintiff,<br><br>         -against-<br><br>ARROW ELECTRONICS, INC.,<br><br>                              Defendant.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br>ORDER<br>16-CV-4636 (JMA) (JMW)<br>**FILED**<br>**CLERK**<br>12:04 pm, Jul 20, 2021<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

Before the Court is the application for the appointment of pro bono counsel to represent plaintiff, Roberto Corral ("plaintiff"). Arrow Electronics, Inc. ("defendant") has filed a letter in opposition. (See Docket Entry ("DE") 88.) For the reasons that follow, the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when this case is marked ready for trial, if circumstances warrant such an application. Accordingly, the deposition scheduled for the week of July 26, 2021 shall proceed as scheduled.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether

1

>  conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit). Further, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" Ahmad v. White Plains City School Dist., 18-CV-3416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020) (citing Morris v. Moran, 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting Hodge, 802 F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."); also citing Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)).

The Court has reviewed plaintiff's application together with the defendant's opposition, the complaint, and the record, and finds that the appointment of counsel is not warranted at this stage of the litigation. As a threshold matter, notwithstanding plaintiff's representation that he cannot afford to retain an attorney, he reports having $16,000 in "emergency money" available to him and receives income of $6,417.00 per month. (See DE 87 ¶¶ 1, 3-4.) Accordingly, insofar as plaintiff seeks pro bono counsel for the limited purpose of representation at the upcoming deposition, the Court finds that plaintiff has the financial resources to retain counsel for this

purpose. Moreover, even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude - - after considering the Hodge factors in the context of plaintiff's application and the complaint - - that the appointment of counsel is warranted. Notwithstanding the concerns raised in plaintiff's motion, he has demonstrated an ability to make applications to the Court and to participate in discovery. Thus, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel.

Further, plaintiff has not included any steps he has taken to obtain counsel. Rather, in the space on the application form that asks "what steps have you taken to find an attorney and with what results" plaintiff has simply responded "[t]oo expensive." (See DE 87 ¶ 3.) Given the absence of any information regarding plaintiff's efforts to obtain counsel, the Court, in its discretion, denies plaintiff's application for this additional reason. Ahmad, 2020 WL 3972274, at *3 (denying pro bono counsel application where plaintiff did not explain whether he has sought to obtain counsel before asking the Court to appoint counsel); Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); Williams v. Nicholson, 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered. . . .").

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own

counsel to represent him in this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

The deposition scheduled for the week of July 26, 2021 shall proceed as scheduled.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff at his address of record.

**SO ORDERED**.

Dated: July 20, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

4