UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROBERTO CORRAL,

                    Plaintiff,

        -against-

ARROW ELECTRONICS, INC.,
                    Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-04636 (JMA) (JMW)

FILED
CLERK
2:12 pm, Aug 15, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is the motion for summary judgment by Defendant Arrow Electronics, Inc., and pro se Plaintiff Roberto Corral's motion for a third extension of time to object to Magistrate Judge James M. Wicks's May 9, 2024, Report and Recommendation ("R&R") that the Court grant Defendant's summary judgment motion. (See Def.'s Mot. Summ. J., ECF No. 145; R&R, ECF No. 157; Pl.'s Mot. Exten. Time, ECF No. 162.) For the reasons explained below, the Court DENIES Plaintiff's motion, ADOPTS the unopposed R&R, and GRANTS Defendant's summary judgment motion. Accordingly, this case is DISMISSED.

## I. BACKGROUND

The Court presumes familiarity with the background of this case as it relates to the merits of the summary judgment motion. (See R&R, ECF No. 157 at 2-14.) The Court addresses here the inordinate delays Plaintiff caused with respect to adjudicating the summary judgment motion, and the repeated extensions of time the Court afforded Plaintiff to file his submissions concerning that motion.

### A. **Plaintiff's Delays Opposing the Summary Judgment Motion**

Defendant served its summary judgment motion on September 1, 2022. (See Def.'s Nov. 7, 2023, Letter Regard. Opp. Summ. J.; ECF No. 140.) The briefing schedule in effect at that time required Plaintiff to oppose the motion by October 3, 2022. (See Aug. 15, 2022 Order.) Due to reported health issues, however, Plaintiff received fifteen extensions of time to oppose the motion

over the following <u>thirteen months</u>.[1] (<u>See</u> Orders dated Oct. 3, 2022, Nov. 23, 2022, Dec. 14, 2022, Jan. 25, 2023, Feb. 24, 2023, Mar. 3, 2023, Mar. 23, 2023, Apr. 20, 2023, May 11, 2023, May 30, 2023, June 23, 2023, July 30, 2023, Sept. 19, 2023, Oct. 6, 2023, and Oct. 13, 2023.) Those extensions culminated in an opposition due date of October 31, 2023. (<u>See</u> Oct. 13, 2023 Order.)

Plaintiff failed to meet that deadline. Instead, at 10:49 PM on the day the opposition was due, Plaintiff emailed defense counsel that he was "having computer problems." (ECF No. 140-8). The next day, defense counsel arranged for Plaintiff to serve his opposition using a file transfer platform. (<u>Id.</u>) Plaintiff responded that he was unable to upload the opposition due to his computer issues. (<u>Id.</u>) The following day, defense counsel asked Plaintiff to send a hard copy of the opposition to defense counsel's office; Plaintiff declined that request. (<u>Id.</u>) The next day, Plaintiff assured defense counsel that he "should be able to upload [his opposition] today...." (<u>Id.</u>) Again, Plaintiff failed to do so.

Seven days after Plaintiff's opposition was due, and four days after Plaintiff last communicated with defense counsel, Defendants informed the Court of these circumstances and requested that the Court deem the motion unopposed. (ECF No. 140). Despite his reported computer issues, Plaintiff uploaded a responsive letter in which he reported that he "has not been feeling well" and asked the Court to not yet decide the summary judgment motion. (ECF No. 141.) The Court directed Plaintiff to serve his opposition. (Nov. 17, 2023, Order to Show Cause.) Plaintiff did so but reported that, due to computer issues, the opposition he served was a draft from three months earlier. (ECF No. 144.) The Court granted Plaintiff another thirty days to serve an updated opposition and instructed Defendants to reply to the already-served opposition if Plaintiff

---

[1] In granting the twelfth extension, the Court ordered that "no further extensions will be granted absent good cause." (July 30, 2023, Order.) Plaintiff nonetheless received three more extensions. (<u>See</u> Orders dated Sept. 19, 2023, Oct. 6, 2023, and Oct. 13, 2023.)

failed to comply with the extended deadline. (Nov. 27, 2023, Order.) All told, Plaintiff delayed opposing the summary judgment motion by over fourteen months.

B. **Plaintiff's Delays Objecting to the R&R**

Judge Wicks specified in the R&R that objections must be filed within fourteen days or objections would be waived. (See ECF No. 157 at 39-40; see also Pl.'s Consent Receive Electr. Notif. Filings, ECF No. 126); accord 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

On the due date for objections, Plaintiff requested (among other things) additional time to object to the R&R.[2] (ECF No. 159.) The Court granted Plaintiff thirty-one additional days to object to the R&R. (May 23, 2024, Order.) But as that deadline approached, Plaintiff reported that he "is not feeling well" due to ongoing difficulties from a medical event that occurred over two years ago. (ECF No. 160.) Plaintiff requested an extension until August 14, 2024, to object to the R&R and confirmed that he will "get the job done" by that date. (ECF No. 161.) The Court granted Plaintiff the additional forty-nine days he sought to object to the R&R. (See June 26, 2024, Order.) In doing so, the Court warned that it was granting the "**FINAL** extension of time to object to the R&R" and stated that "Plaintiff is warned that the Court will not grant a further extension of time to object to the R&R. The Court will deem the R&R unopposed absent timely objections." (Id.)

One day before the final deadline to object to the R&R, Plaintiff requested a seven-day or "preferred" fourteen-day extension of time to object to the R&R due to "medical problems" and because his doctors advised him—at an unspecified time—to obtain medical care. (ECF No. 167 at 1.) Plaintiff's request attached a doctor's note dated twelve days earlier. (Id. at 2.) Plaintiff

---

[2] Plaintiff also requested leave to file, in three months, an additional Local Civil Rule 56.1 statement of material facts, opposition brief, and sur-reply brief for the summary judgment motion that was already the subject of the R&R. (ECF No. 159.) The Court denied those requests. (May 23, 2024, Order.)

3

had the R&R for ninety-six days when he filed that request for a further extension of time. (See R&R, ECF No. 157; Pl.'s Consent Receive Electr. Notif. Filings, ECF No. 126.)

## II. LEGAL STANDARDS

### A. Extending Time to Object to the R&R

Litigants must comply with the Court's scheduling orders. See Maye v. City of New Haven, 89 F.4th 403, 408 (2d Cir. 2023) ("[P]arties are not generally free to [submit filings] . . . whenever or however they please, in direct contravention of a district court's scheduling orders."). "To hold otherwise would undermine the 'inherent power and responsibility of district courts to manage their dockets so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013)) (brackets omitted). Parties desiring an extension of time must seek to modify the scheduling order. To do so, they need to show "good cause" for the extension and obtain "the judge's consent." Fed. R. Civ. P. 16(b)(4).

### B. Reviewing the R&R

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted). Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further

4

judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

C.     **Plaintiff's Pro Se Status**

Given his pro se status, the Court construes Plaintiff's submissions liberally and interprets them "to raise the strongest arguments that they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)). This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Id. (quoting Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)). This liberal interpretation of Plaintiff's submissions, however, "does not exempt [Plaintiff] from compliance with relevant rules of procedural and substantive law." E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

III.     DISCUSSION

A.     **Plaintiff's Motion for a Further Extension of Time to Object to the R&R is Denied**

Plaintiff must show "good cause" to obtain a further extension of time to object to the R&R. Fed. R. Civ. P. 16(b)(4). "A finding of 'good cause' depends on the diligence of the moving party." Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)) (brackets omitted); see Grochowski v. Phx. Constr., 318 F.3d 80, 86 (2d Cir. 2003). This requires Plaintiff to "show that, despite [his] having exercised diligence, the applicable deadline could not have been reasonably

5

met." EMA Fin., LLC v. NFusz, Inc., 509 F. Supp. 3d 18, 35 (S.D.N.Y. 2020) (internal quotation marks omitted); Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks omitted).

Plaintiff fails to make that showing. Plaintiff contends that—at an unspecified time—his doctors advised him to obtain medical care. (ECF No. 167 at 1.) The submitted doctor's note reflects a lack of diligence by Plaintiff given that it predates Plaintiff's extension request by twelve days. (Id. at 2.) In any event, Plaintiff already received two extensions of time that afforded Plaintiff ninety-seven days to object to the R&R. See supra Section I.B. Plaintiff confirmed forty-nine days before his most recent extension request that he would "get the job done" by the current objection deadline—which the Court imposed at Plaintiff's request. (ECF No. 161; see June 26, 2024, Order.) The Court made clear that the current deadline is "**FINAL**" and warned Plaintiff that "the Court will not grant a further extension of time to object to the R&R. The Court will deem the R&R unopposed absent timely objections." (June 26, 2024, Order.) "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation[,] they must suffer the consequences of their actions." Baba v. Japan Travel Bureau Int'l, 111 F.3d 2, 5 (2d Cir. 1997) (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)) (ellipsis omitted; emphasis added).

Plaintiff's excessive delays end now. See supra Part I. Plaintiff's motion for a further extension of time to object to the R&R is DENIED. Given Plaintiff's failure to timely file objections, the R&R is unopposed. See Lue v. JPMorgan Chase & Co., 768 F. App'x 7, 9 (2d Cir. 2019) (affirming district court's treatment of a motion as unopposed due to the pro se plaintiff's failure to oppose it following repeated extensions of time); see also Dietz v. Bouldin., 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . with a

6

view toward the efficient and expedient resolution of cases."); Fed. R. Civ. P. 1 (directing that the federal rules of civil procedure be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added)).

### B. The Court Adopts the R&R

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, adopts the R&R in its entirety as the opinion of the Court.

### IV. CONCLUSION

Plaintiff's motion for an extension of time to object to the R&R is DENIED. The Court adopts Judge Wicks's analysis and recommendations set forth in the unopposed R&R. Accordingly, Defendant's motion for summary judgment is GRANTED and this case is DISMISSED. The Clerk of the Court is respectfully directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  August 15, 2024
        Central Islip, New York

                                          (/s/ JMA)
                                       JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE